Harriet DeBar, Plaintiff in Error, *v.* John G. Priest et al., Defendants in Error.

February 18, 1879.

Where a married woman executes a power of attorney jointly with her husband, appointing an attorney to join with her husband, in her place, in any conveyance the husband may make of his real estate, and, for her, to execute and deliver any such conveyance, and to relinquish her dower in any real estate so conveyed, and this power of attorney is acknowledged by the husband and wife as deeds conveying the real estate of the husband are acknowledged, such an instrument is a compliance with the statute; and where the attorney acting under it joins with the husband in a deed of land belonging to the husband, such a deed is effectual to bar the wife's dower in the land conveyed.

Appeal from St. Louis Circuit Court.

*Affirmed.*

McComas & McKeighan, for plaintiff in error.

Vernon W. Knapp, for defendants in error.

Bakewell, J., delivered the opinion of the court.

Defendants acquired certain real estate from John Knapp, to whom it had been conveyed by Benedict DeBar. Plaintiff is the widow of Benedict DeBar, and in this action prays that dower in this land be assigned to her. Defendants allege that plaintiff has relinquished her dower in the premises by virtue of a certain power of attorney, set out in full, and of a deed made by Benedict DeBar and the said Harriet DeBar, by her attorney in fact, to John Knapp. The power of attorney is as follows : —

"We, Benedict DeBar and Harriet DeBar, his wife, do hereby constitute and appoint John G. Priest, of the city of St. Louis, State of Missouri, the true and lawful attorney in fact of said Harriet, and as such hereby authorize and empower him, in the name, place, and stead, and as the act and deed of said Harriet, to join her with her said husband in any conveyance he may choose to make, whether in fee or by way of mortgage or deed of trust to secure any indebtedness, or other disposal whatever, of part or all the real estate of her said husband, wherever situated, and for her, and as her act and deed, to sign, seal, and acknowledge and deliver any and all such conveyances, said Harriet hereby relinquishing and releasing, and authorizing said attorney to relinquish and release, on any such conveyance, her contingent right of dower in any and all real estate of her said husband so conveyed ; and all acts and deeds of said attorney, hereunder, are hereby ratified and confirmed. " Witness the hands and seals of said Benedict and Harriet DeBar hereunto, this twelfth day of March, a. d. 1866."

To this is attached the following certificate, with the signature and seal of the notary : —

" *State of Louisiana, City of New Orleans.*

" Before me, a notary public in and for said county and State, on this twelfth day of March, A. D. 1866, came Benedict DeBar and Harriet DeBar, his wife, both personally known to me to be the same persons whose names are to the foregoing instrument of writing subscribed as parties thereto, and they acknowledge the same to be their act and deed for the purposes therein expressed. The said Harriet, having been by me first made acquainted with the contents of said instrument of writing, on an examination apart from her husband, further acknowledged that she executed the same, and relinquished her dower in the real estate therein mentioned, and authorized to be conveyed, freely, and without compulsion or under undue influence of her said husband."

The deed to Knapp is signed, " B. DeBar, Harriet DeBar, by John G. Priest, her att'y in fact." And to this is appended a certificate that " Benedict DeBar and John G. Priest, attorney in fact for Harriet DeBar, are personally known " to the notary taking the acknowledgment " to be the same persons whose names are subscribed to the foregoing instrument as parties thereto, and they acknowledged the same to be their act and deed for the purposes therein mentioned."

Plaintiff demurred to the answer, as not setting forth facts to constitute a defence. The demurrer was overruled, and final judgment for defendants ; and the cause is here by writ of error.

The relinquishment of dower by deed is purely a matter of statute. The common law recognized no such bar of dower. The statute of Missouri provides ( Wag. Stats., pp. 273-277 ) : —

" Sect. 2. A husband and wife may convey the real estate of the wife, and the wife may relinquish her dower in the real estate of her husband, by their joint deed, acknowledged and certified as herein provided.

"Sect. 3. A married woman may convey her real estate, or relinquish her dower in the real estate of her husband, by a power of attorney authorizing its conveyance, executed and acknowledged by her jointly with her husband, as deeds conveying real estate by them are required to be executed and acknowledged."

"Sect. 28. No such letter of attorney, or other instrument, certified and recorded in the manner prescribed in the preceding section, shall be deemed to be revoked by any act of the party by whom it was executed, until the instrument containing such revocation shall be deposited for record in the same office in which the instrument containing the power is recorded."

It is contended by defendant in error that the true construction of the second section above set out is that a married woman may relinquish her dower in the real estate of her husband by a power of attorney authorizing the conveyance of her dower, executed and acknowledged by herself and her husband. If this is the true construction of the law, it has been complied with by Mrs. DeBar, and her dower in the land in question is barred.

Plaintiff in error contends, on the other hand, that the meaning of this section is that the wife may relinquish her dower by a power of attorney, executed and acknowledged by her jointly with her husband, and authorizing the conveyance, not of her dower (which is not the subject of conveyance), but of the real estate of her husband.

It is true that, before assignment, a title to dower is only a right of action, and transferable only to the holder of the land by way of relinquishment. It is no estate in the land, and cannot before assignment be conveyed to a stranger. We speak of " relinquishing " dower, not of " conveying " it, and it seems anomalous to say that a married woman may relinquish her dower by a power of attorney authorizing another person to convey it. We are nevertheless of the opinion that the true construction of the statute before

us is that given to it by the Circuit Court, and that the power of attorney executed by Mr. and Mrs. DeBar to Priest was in the form required by the statute; and that by virtue of it he could and did, by the deed set out in the answer, relinquish to the purchaser from DeBar her dower in the real estate conveyed.

The mischief which this provision was intended to remedy undoubtedly was the difficulty which frequently arises in regard to conveyances of real estate during the absence of the wife. The policy of our laws is to facilitate the conveyance of land, for the purposes of trade. The provision would be practically useless if, as is contended here, the dower of the wife could only be relinquished in her absence by an attorney acting at the same time for the husband. Where the owner of land himself was on the spot, purchasers would generally refuse to take a deed executed by his attorney in fact; and it is difficult to believe that the Legislature intended that, in the absence of the wife, no relinquishment of the wife's dower could be obtained except upon the condition that the husband himself, though present, should act by attorney in executing the deed.

It is asked, when does the wife, on this construction of the statute, relinquish her dower? Potentially, when she executes the power; actually, only when her attorney acts.

We see no inconvenience whatever in a law that provides that the wife may by a general power of attorney, revocable as provided in this act, authorize an agent to release her dower in her husband's lands, from time to time, as he may sell. There is no wrong or injury to the wife in this. It seems to be oppressive to deny her the right; and that the Legislature intended to confer it, and has conferred it by the statute under construction, we have no doubt.

The language of statutes is not always technically accurate, and in many cases cannot safely undergo the ordeal

of a minute criticism. It is not by a nice grammatical analysis that we always arrive at the spirit of a law or the meaning of the Legislature. Learned counsel for plaintiff in error finds a difficulty in the construction given by the trial court to the statute, because this construction, he says, makes the statute speak of the conveyance of an unassigned dower. This is not a very serious difficulty. Dower cannot be conveyed to a stranger. Nor can it be said with strict accuracy that it is conveyed to the owner of the fee. The right is relinquished, not conveyed. The right to have dower assigned no longer exists at all in any one after the conveyance by the husband and wife is properly executed. But, in an improper sense, the right of dower may be conveyed; that is, it is barred by means of a conveyance. The wife, by means of a properly executed conveyance, parts with her right of dower in the land; and if the grantee of the husband does not acquire her right of dower, he acquires the land freed from any claim on account of any formerly existing right to dower in the land, which, by virtue of the effect given by the statute to the conveyance when properly acknowledged, is altogether extinguished. The construction given to the third section by the counsel for plaintiff in error, as well as any possible construction that can be given to it, will leave something to be desired in the way of strict accuracy of language. For how can it be said that a married woman conveys her real estate by a power of attorney? It may be said that she conveys by the deed executed in virtue of the power; and so, also, she relinquishes her dower by the deed executed in virtue of the power given in compliance with the statute. And again : how can it be said that a married woman, by a power of attorney executed by herself and her husband, authorizes the conveyance of her husband's land, as counsel would read the law? Does the husband need the wife's authority to sell what is his own? Or is it possible, in any proper

sense of the word, for her to authorize any act which is equally valid whether she consents or not?

The judgment of the Circuit Court is affirmed. Judge LEWIS is absent; Judge HAYDEN concurs.